**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

**DECEMBER 28, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PATRICE OWENS,            )
                          )
        Plaintiff,        )
                          )
v.                        )        Case No.
                          )
UNKNOWN DEFENDANT OFFICERS, in their )
individual capacity; and the CITY OF CHICAGO, )   Jury Demand
ILLINOIS                  )
                          )
        Defendants.       )

**07 C 7285**

**JUDGE KENNELLY**
**MAGISTRATE JUDGE DENLOW**

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PATRICE OWENS, by and through her attorneys,

Elliot Richardson & Associates, LLC, and alleges against the Defendants, UNKNOWN

DEFENDANT OFFICERS and the CITY OF CHICAGO, IL, as follows:

## JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and the Constitution of the United

States.

## VENUE

2.      Venue is appropriate in the Northern District of Illinois pursuant to 28

U.S.C § 1391(b) as at least one of the Defendants resides in Cook County, located in

this district.

## PARTIES

3.     The Plaintiff, Patrice Owens, is, and at all times material to this Complaint was, a citizen of the United States.

4.     Unknown Defendant Officers were at all times material to this Complaint employed by the City of Chicago Police Department. Unknown Defendant Officers were acting under color of law at all times relevant to this Complaint.

5.     The City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of the Unknown Defendant Officers (hereinafter the "Defendant Officers").

## FACTS COMMON TO ALL COUNTS

6.     On or about September 2, 2007, Plaintiff Patrice Owens was a passenger in a vehicle traveling near West Augusta Boulevard and North Kostner Avenue.

7.     At or around this time and location, said vehicle was pulled over by Defendant Officers for an alleged traffic violation.

8.     At this time, the Defendant Officers instructed Plaintiff and the driver of the vehicle to exit the car with their hands raised in the air.

9.     Shortly after Plaintiff exited the vehicle, and while on the public street, one of the Defendant Officers, absent consent or warning, proceeded to lift up the back of Plaintiff's dress to check for a weapon.

10.    Said Defendant Officer then handcuffed Plaintiff and searched her person again while Plaintiff was on the public street and in view of oncoming traffic.

11.    This time, the Defendant Officer put on a glove and pulled Plaintiff's dress

away from her body causing Plaintiff's breast to be exposed. Plaintiff, handcuffed and unable to move her arms, could not cover herself to spare her from humiliation and the eyes of oncoming traffic.

11.    To Plaintiff's further shock and embarrassment, said Defendant Officer then proceeded to reach under Plaintiff's dress and search between her legs.

12.    During this violative public search, said Defendant Officer reached in between Plaintiff's legs and felt Plaintiff's tampon. At this time, Plaintiff explained to the Defendant Officer that she was on her menstrual cycle.

13.    After Plaintiff was subjected to the aforementioned humiliating and inappropriate street searches, Plaintiff was released with neither a ticket nor a warning.

14.    At no time on the above-referenced date did Plaintiff commit any act and/or crime that would warrant her detention and/or the violative public searches of Plaintiff's person.

15.    On the above-referenced date, the Defendant Officers did not have probable cause and/or a reasonable suspicion to believe that Plaintiff had on her person a weapon, drugs and/or any type of device or contrivance which was contrary to the laws of the State of Illinois.

16.    On the above-referenced date, the Defendant Officers did not have probable cause and/or a reasonable suspicion to detain and/or search Plaintiff.

.    17.    On the above-referenced date, Plaintiff did not engage in any activity that caused the Defendant Officers to believe that she was going to cause them injury.

## COUNT I
### (42 U.S.C. §1983 Claim for Unreasonable Searches and Seizures)

18.    The Plaintiff hereby re-alleges and incorporates paragraphs one through seventeen as though fully set forth in this Count.

19.    This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

20.    As described in greater detail above, the Plaintiff was detained and searched by the Defendant Officers, even though said officers were devoid of any justifiable basis and lacked probable cause for said searches and seizures in violation of the Fourth Amendment of the United States Constitution.

21.    The aforementioned actions of the Defendant Officers proximately caused the Plaintiff to be deprived of her Fourth Amendment right to be free from unreasonable search and seizure lacking probable cause and caused her to be unlawfully searched and seized against his will.  This caused the Plaintiff to be damaged.

WHEREFORE, the Plaintiff, PATRICE OWENS, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT II
### (42 U.S.C. §1983 Claim for False Imprisonment)

22.    Plaintiff re-alleges, reasserts and incorporates paragraphs one through twenty-one of this Complaint as if fully set forth herein.

23. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

24. Defendant Officers caused the Plaintiff to be detained and imprisoned on or about September 2, 2007, even though they were devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution. Defendant Officers' false imprisonment of Plaintiff constituted an unlawful seizure.

25. The aforementioned actions of the Defendant Officers proximately caused the Plaintiff to be deprived of her Fourth Amendment right to be free from imprisonment lacking probable cause and caused her to be unlawfully detained and imprisoned against her will. Plaintiff was aware of this unlawful detention. This caused Plaintiff to be damaged.

WHEREFORE, the Plaintiff, PATRICE OWENS, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT III
### (State Law Claim - False Imprisonment)

26. The Plaintiff hereby re-alleges and incorporates paragraphs one through twenty-five as though fully set forth in this Count.

27. The Defendant Officers caused the Plaintiff to be detained and imprisoned, even though said officers were devoid of any justifiable basis and lacked probable cause for said detentions.

28.    The aforementioned actions of the Defendant Officers restrained the liberty of the Plaintiff, thereby causing her to suffer damages. The Plaintiff was aware of this unlawful detention.

WHEREFORE, the Plaintiff, PATRICE OWENS, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT IV
## (State Claim of Willful and Wanton Conduct Against Unknown Defendant Officers)

29.    Plaintiff re-alleges, restates and incorporates paragraphs one through twenty eight of this Complaint as if fully set forth herein.

30.    At all times material and relevant, the Defendant Officers owed Plaintiff a duty to refrain from engaging in willful and wanton conduct during their interactions, including but not limited to, the Plaintiff's detention and bodily search.

31.    Notwithstanding said duties, the Defendant Officers engaged in the following willful and wanton conduct:

a. Detained Plaintiff in an unreasonable and unlawful manner;

b. Searched Plaintiff's person absent any probable cause and/or reasonable suspicion;

c. Searched Plaintiff's person in an unreasonable and humiliating manner; and

d. Otherwise acted willfully and wantonly during their interactions with Plaintiff.

32.    As a proximate result of the above-referenced conduct, Plaintiff sustained damages.

WHEREFORE, the Plaintiff, PATRICE OWENS, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT V
### (State Law Claim - *Respondeat Superior* Claim Against the City of Chicago)

33.    The Plaintiff hereby re-alleges and incorporates paragraphs one through thirty two as though fully set forth in this Count.

34.    The Defendant Officers were at all times relevant to this Complaint employees of the City of Chicago, and discharged in the conduct complained of within the course and scope of their employment.

35.    The City of Chicago is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

36.    The above-referenced acts of the Defendant Officers were within the scope of their employment as officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, the Plaintiff, PATRICE OWENS, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VI
### (745 ILCS 10/9-102 Claim against the City of Chicago)

37.    The Plaintiff hereby re-alleges and incorporates paragraphs one through thirty-six as though fully set forth in this Count.

38.    The City of Chicago was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

39.    The City of Chicago was at all times relevant to this Complaint the employer and/or principal of the Defendant Officers.

40.    The Defendants committed the above-referenced acts under color of law and within the scope of their employment as employees of the City of Chicago.

WHEREFORE, should the Defendants be found liable for the acts alleged in this Complaint, the Plaintiff demands that pursuant to 745 ILCS 10/9-102, the City of Chicago pay any judgment obtained against Defendants in connection with this litigation and such other additional relief, as this Court deems equitable and just.

Respectfully Submitted,

R 80Rq
One of Plaintiff's Attorneys

ELLIOT RICHARDSON & ASSOCIATES, LLC
20 S. Clark St., Suite 500
Chicago, IL  60603
P: (312) 676-2100
F: (312) 372-7076
ARDC No. 6287455
Date:  December 27, 2007