IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICE OWENS, | ) |
| Plaintiff, | ) |
| v. | ) No. 07 C7285 |
| | ) |
| UNKNOWN DEFENDANT OFFICERS, | ) Judge Kennelly |
| in their individual capacity; and the | ) |
| CITY OF CHICAGO, ILLINOIS, | ) Magistrate Judge Denlow |
| | ) |
| Defendants. | ) |

**CITY OF CHICAGO'S ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT AT LAW**

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel for the City of Chicago answers the Complaint at Law and states:

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and the Constitution of the United States.

**ANSWER:** The City admits that Plaintiffs have brought this action under 42 U.S.C. § 1983 and 28 U.S.C. §1331 and the Constitution of the United States. The City denies that the jurisdiction of this Court is properly invoked pursuant to the Judicial Code.

2. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) as at least one of the Defendants resides in Cook County, located in this district.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2.

3. The Plaintiff, Patrice Owens, is, and at all times material to this Complaint was, a citizen of the United States.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Unknown Defendant Officers were at all times employed by the City of Chicago Police Department. Unknown Defendant Officers were acting under color of law at all times relevant to this Complaint.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.  The City of Chicago is a municipal corporation duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of the Unknown Defendant Officers (hereinafter the "Defendant Officers").

**ANSWER:** The City admits it is a municipal corporation organized under the laws of the State of Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

## FACTS COMMON TO ALL COUNTS

6.  On or about September 2, 2007, Plaintiff Patrice Owens was a passenger in a vehicle traveling near West Augusta Boulevard and North Kostner Avenue.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.  At or around this time and location, said vehicle was pulled over by Defendant Officers for an alleged traffic violation.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.  At this time, the Defendant Officers instructed Plaintiff and the driver of the vehicle to exit the car with their hands raised in the air.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.  Shortly after Plaintiff exited the vehicle, and while on the public street, one of the Defendant Officers, absent consent or warning, proceeded to lift up the back of Plaintiff's dress to check for a weapon.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Said Defendant Officer then handcuffed Plaintiff and searched her person again while Plaintiff was on the public street and in view of oncoming traffic.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. This time, the Defendant Officer put on a glove and pulled Plaintiff's dress away from her body causing Plaintiff's Breast to be exposed. Plaintiff, handcuffed and unable to move her arms, could not cover herself to spare her from humiliation and the eyes of oncoming traffic.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. To Plaintiffs further shock and embarrassment said Defendant Officer then proceeded to reach under Plaintiff's dress and search between her legs.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. During this violative public search, said Defendant Officer reached in between Plaintiff's legs and felt Plaintiff's tampon. At this time, Plaintiff explained to the Defendant Officer that she was on her menstrual cycle.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. After Plaintiff was subjected to the aforementioned humiliating and inappropriate street searches, Plaintiff was released with neither a ticket nor a warning.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. At no time on the above-referenced date did Plaintiff commit any act and/or crime that would warrant her detention and/or the violative public searches of Plaintiff's person.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. On the above-referenced date, the Defendant Officers did not have probable cause and/or a reasonable suspicion to believe that Plaintiff had on her person a weapon, drugs and/or any type of device or contrivance which was contrary to the laws of the State of Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. On the above-referenced date, the Defendant Officers did not probable cause and/or a reasonable suspicion to detain and/or search Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. On the above-referenced date, Plaintiff did not engage in any activity that caused the Defendant Officers to believe that she was going to cause them injury.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

## COUNT I
### (42 U.S.C. §1983 Claim for Unreasonable Searches and Seizures)

19. The Plaintiff hereby re-alleges and incorporates paragraphs one through eighteen as though fully set forth in this Count.

**ANSWER:** The City's answers to paragraphs one through eighteen of the Complaint are incorporated herein by reference as though fully set forth.

20. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**ANSWER:** The City admits that Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

21. As described in greater detail above, the Plaintiff was detained and searched by the Defendant Officers, even though said officers were devoid of any justifiable basis and lacked probable cause for said searches and seizures in violation of the Fourth Amendment of the United States Constitution.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. The aforementioned actions of the Defendant Officers proximately caused the Plaintiff to be deprived of her Fourth Amendment right to be free from unreasonable search and seizure lacking probable cause and caused her to be unlawfully searched and seized against his will. This caused the Plaintiff to be damaged.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

## COUNT II
### (42 U.S.C. § 1983 Claim for Failure to Intervene)

23. Plaintiff re-alleges, reasserts and incorporates paragraphs one through eighteen of this Complaint as if fully set forth herein.

**ANSWER:** The City's answers to paragraphs one through eighteen of the Complaint are incorporated herein by reference as though fully set forth.

24. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**ANSWER:** The City admits that Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

25. During the Defendant Officer's unreasonable and humiliating search of Plaintiff's person, as described more fully above, the other Defendant Officer stood idly by without intervening to prevent such a constitutionally violative search.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. As a result of Defendant Officer's failure to intervene to prevent the unjustified and unreasonable search, Plaintiff suffered damages, including emotional distress.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. This Defendant Officer had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

### COUNT III
### (42 U.S.C. §1983 Claim for False Imprisonment)

28. Plaintiff re-alleges, reasserts and incorporates paragraphs one through eighteen of this Complaint as if filly set forth herein.

**ANSWER:** The City's answers to paragraphs one through eighteen of the Complaint are incorporated herein by reference as though fully set forth.

29. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**ANSWER:** The City admits that Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

30. Defendant Officers caused the Plaintiff to be detained and imprisoned on or about September 2, 2007, even though they were devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution. Defendant Officers' false imprisonment of Plaintiff constituted an unlawful seizure.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. The aforementioned actions of the Defendant Officers proximately caused the Plaintiff to be deprived of her Fourth Amendment right to be free from imprisonment lacking probably cause and caused her to be unlawfully detained and imprisoned against her will. Plaintiff was aware of this unlawful detention. This caused Plaintiff to be damaged.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

## COUNT IV
### (State Law Claim - False Imprisonment)

32. The Plaintiff hereby re-alleges and incorporates paragraphs one through eighteen as though fully set forth in this Count.

**ANSWER:** The City's answers to paragraphs one through eighteen of the Complaint are incorporated herein by reference as though fully set forth.

33. The Defendant Officers caused the Plaintiff to be detained and imprisoned, even though said officers were devoid of any justifiable basis and lacked probable cause for said detentions.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. The aforementioned actions of the Defendant Officers restrained the liberty of the Plaintiff, thereby causing her to suffer damages. The Plaintiff was aware of this unlawful detention.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

## COUNT V
### (State Claim of Willful and Wanton Conduct Against Unknown Defendant Officers)

35. Plaintiff re-alleges, restates and incorporates paragraphs one through eighteen of this Complaint as if fully set forth herein.

**ANSWER:** The City's answers to paragraphs one through eighteen of the Complaint are incorporated herein by reference as though fully set forth.

36. At all times material and relevant, the Defendant Officers owed Plaintiff a duty to refrain from engaging in willful and wanton conduct during their interactions, including but not limited to, the Plaintiff's detention and bodily search.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Notwithstanding said duties, the Defendant Officers engaged in the following willful and wanton conduct:

    a. Detained plaintiff in an unreasonable and unlawful manner;
    b. Searched Plaintiff's person absent any probable cause and/or reasonable suspicion;
    c. Searched Plaintiff's person in an unreasonable and humiliating manner;
    d. Failed to intervene to prevent the Plaintiff from being subjected to such a constitutionally violative search; and
    e. Otherwise acted willfully and wantonly during their interactions with Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

    38. As a proximate result of the above-referenced conduct, Plaintiff sustained damages.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

## COUNT VI
**(Intentional Infliciton of Emotional Distress – State Claim Against the Defendant Officers)**

    39. Plaintiff re-alleges, restates and incorporates paragraphs one through eighteen of this Complaint as if fully set forth therein.

**ANSWER:** The City's answers to paragraphs one through eighteen of the Complaint are incorporated herein by reference as though fully set forth.

    40. The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

    41. The Defendant Officers intended to cause, or were in reckless disregard of the probability that the conduct would cause, severe emotional distress to the Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

    42. Said actions and conduct did directly and proximately cause severe

emotional distress to the Plaintiff and thereby constituted intentional infliction of emotional distress.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. As a proximate result of the Defendant Officers' actions, the Plaintiff has suffered constitutional infringements, as well as severe emotional distress and mental anguish.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

## COUNT VII
### (State Law Claim - *Respondeat Superior* Claim Against the City of Chicago)

45. The Plaintiff hereby re-alleges and incorporates paragraphs one through eighteen and thirty-two through thirty-four as though fully set forth in this Count.

**ANSWER:** The City's answers to paragraphs one through eighteen and thirty-two through thirty-four of the Complaint are incorporated herein by reference as though fully set forth.

46. The Defendant Officers were at all times relevant to this Complaint employees of the City of Chicago, and discharged in the conduct complained of within the course and scope of their employment.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. The City of Chicago is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48. The above-referenced acts of the Defendant Officers were within the scope of their employment as officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Defendant Officers, is liable for the actions of it agents under the doctrine of *respondeat superior.*

**ANSWER:** Plaintiffs' allegation that the City is liable pursuant to the doctrine of *respondeat superior* is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied.

## COUNT VIII
### (745 ILCS 10/9-102 Claim against the City of Chicago)

49. The Plaintiff hereby re-alleges and incorporates paragraphs one through forty-four as though fully set forth in this Count.

**ANSWER:** The City's answers to paragraphs one through forty-four of the Complaint are incorporated herein by reference as though fully set forth.

50. The City of Chicago was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51. The City of Chicago was at all times relevant to this Complaint the employer and/or principal of the Defendant Officers.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52. The Defendants committed the above-referenced acts under color of law and within the scope of their employment as employees of the City of Chicago.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to Plaintiffs for their state law claims if its employees or agents are not liable to Plaintiffs. 745 ILCS 10/2-109.

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202.

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

6. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

Respectfully submitted,
MARA S. GEORGES
Corporation Counsel
of the City of Chicago
BY: <u>s/ Jennifer Addison</u>
JENNIFER ADDISON
ASHLEY KOSTYZA
Assistants Corporation Counsel
30 North LaSalle Street, Room 1020
Chicago, Illinois 60602
(312) 744-6922/5122