IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 7285 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| OFFICER JOSE ALVAREZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE DISCOVERY AND FOR ENTRY OF A PROTECTIVE ORDER REGARDING THE PREMATURE DISCOVERY AND REQUESTS TO ADMIT PROPOUNDED BY PLAINTIFF**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, and Defendants Jose Alvarz and Maria Ramirez, through their attorney, Mary McCahill, pursuant to Federal Rule of Civil Procedure 26(d), respectfully requests that this Honorable Court enter an order striking Plaintiff's discovery requests issued to all Defendants, as well as the Requests to Admit issued by Plaintiff towards all Defendants, as the parties have not engaged in a discovery planning conference pursuant to Fed.R.Civ.P. 26(f). In support of this motion, Defendants state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

As alleged in Plaintiff's Second Amended Complaint, on September 22, 2007, Plaintiff Patrice Owens was a passenger in a vehicle traveling near West Augusta Boulevard and North Kostner Avenue when the car was pulled over by Defendant Officers Alvarez and Ramirez. [*See* Plaintiff's Second Amended Complaint, ¶ 6] Plaintiff exited the vehicle and was searched for a weapon by Defendant Ramirez. [*See* Plaintiff's Second Amended Complaint, ¶¶ 9-10] Defendant Ramirez exposed Plaintiff's breast during the search and also searched between Plaintiff's legs.[*See*

Plaintiff's First Amended Complaint, ¶¶ 11-12]

This alleged incident led Plaintiff to sue the City and Defendant Officers under 42 U.S.C. § 1983, claiming that the unconstitutional search was in violation of her Fourth Amendment rights. Plaintiffs also include state supplemental claims (for false imprisonment, willful and wanton conduct and intentional infliction of emotional distress) for which she claims the Defendant Officers are liable. Plaintiffs further allege that the City is liable for these supplemental state claims based on the theory of *respondeat superior*.

On June 24, 2008, undersigned counsel Mary McCahill filed her appearance on behalf of both Defendant Officers. She was assigned to represent them immediately after the officers were served with process and requested representation from the City of Chicago. That same day, June 24, 2008, she filed a motion for extension of time to answer the Second Amended Complaint on behalf of her clients. This motion was granted by the Court on July 1, 2008; the Defendant Officers were given an extension to answer to July 31, 2008.

Immediately prior to filing the motion for extension of time on June 24, 2008, as a courtesy, undersigned counsel for the Defendant Officers contacted counsel for Plaintiff, Blake Horwitz, to see if he had any objection to the motion. At that time Plaintiff's counsel indicated he had no objection, but that he wished to propound discovery immediately. The undersigned related the proposed discovery would be premature, and explained that propounding discovery prior to conferring pursuant to Fed.R.Civ.P. 26(f) is improper. The undersigned further related that it was not yet practical to have a 26(f) conference, as the undersigned needed to answer the complaint, interview her clients and review documents in order to participate meaningfully in a 26(f) conference.

Mr. Horwitz nonetheless told undersigned counsel that he was going to issue discovery to the City of Chicago anyway. Plaintiff's counsel then propounded discovery to all Defendants, Interrogatories directed to all Defendants, Requests to Produce directed at all Defendants, and Requests to Admit Directed at all Defendants. These premature discovery requests, as well as the Requests to Admit, were received by the Corporation Counsel's Office on July 3, 2008.

## RELEVANT STANDARDS & ARGUMENT

Federal Rule of Civil Procedure 26(d) states that except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized under these rules or by court order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). [*See* Federal Rule of Civil Procedure Rule 26(d)]

As stated, a 26(f) conference has not yet taken place as the Defendant Officers have not yet filed their answers to Plaintiff's Second Amended Complaint and have not yet interviewed the necessary police personnel and reviewed the necessary paperwork to engage in a meaningful 26(f) conference. As such, Plaintiff's discovery requests and Requests to Admit were improperly propounded and should be stricken.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Defendants respectfully request that this Court strike Plaintiff's discovery requests issued to all Defendants, as well as the Requests to Admit issued by Plaintiff towards all Defendants. Furthermore, Defendants respectfully request a protective order be entered prohibiting Plaintiff from propounding any additional discovery until after such time

3

that a 26(f) conference takes place.

                                                      Respectfully submitted,

                                                      MARA S. GEORGES,
Corporation Counsel
City of Chicago

By:

                                                      ***/s/ Mary McCahill***
MARY McCAHILL
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
(312) 742-6404

                                                      ***/s/ Ashley C. Kosztya***
ASHLEY C. KOSZTYA
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-6922