IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICE OWENS, | ) | |
| | ) | JUDGE KENNELLY |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE DENLOW |
| | ) | |
| OFFICER JOSE ALVAREZ, in his individual | ) | Case No. 07 C 07285 |
| capacity; OFFICER MARIA RAMIREZ, | ) | |
| in her individual capacity; and the | ) | Jury Demand |
| CITY OF CHICAGO, ILLINOIS | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS ANSWER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Officers Jose Alvarez and Maria Ramirez, by one of their attorneys Mary

McCahill, Assistant Corporation Counsel for the City of Chicago in Answer to Plaintiff's Second

Amended Complaint, Affirmative Defenses and Jury Demand state as follows:

**JURISDICTION**

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42
U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and the Constitution of the United States.

**ANSWER:**    Defendant Officers admit this court has jurisdiction, but deny engaging in any

wrongful or illegal conduct.

**VENUE**

2.      Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C §
1391(b) as at least one of the Defendants resides in Cook County, located in this district.

**ANSWER:**    Defendant Officers admit the allegations contained in this paragraph.

## PARTIES

3.     The Plaintiff, Patrice Owens, is, and at all times material to this Complaint was, a citizen of the United States.

**ANSWER:**     Defendant Officers are without information or knowledge sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

4.     Officers Jose Alvarez and Maria Ramirez ("Defendant Officers") were at all times material to this Complaint employed by the City of Chicago Police Department. The Defendant Officers were acting under color of law at all times relevant to this Complaint.

**ANSWER:**     Defendant Officers admit the allegations contained in this paragraph.

5.     The City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of the Defendant Officers.

**ANSWER:**     Defendant Officers admit the allegations contained in this paragraph.

## FACTS COMMON TO ALL COUNTS

6.     On or about September 2, 2007, Plaintiff Patrice Owens was a passenger in a vehicle traveling near West Augusta Boulevard and North Kostner Avenue.

**ANSWER:**     Defendant Officers admit the allegations contained in this paragraph.

7.     At or around this time and location, said vehicle was pulled over by the Defendant Officers for an alleged traffic violation.

**ANSWER:**     Defendant Officers admit at or around this time and location, said vehicle was

pulled over by the Defendant Officers for a traffic violation.  Defendant Officers deny the

remaining allegations contained in this paragraph.

8.    At this time, the Defendant Officers instructed Plaintiff and the driver of the vehicle to exit the car with their hands raised in the air.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.


9.    Shortly after Plaintiff exited the vehicle, and while on the public street, Defendant Officer Ramirez, absent consent or warning, proceeded to lift up the back of Plaintiff's dress to check for a weapon.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.


10.    Said Defendant Officer then handcuffed Plaintiff and searched her person again while Plaintiff was on the public street and in view of oncoming traffic.

**ANSWER:**    Defendant Officers admit Officer Ramirez conducted a protective pat-down of

Plaintiff for officer safety, but deny the remaining allegations contained in this paragraph and

deny the sequence of events.


11.    This time, Defendant Officer Ramirez put on a glove and pulled Plaintiff's dress away from her body causing Plaintiff's breast to be exposed.  Plaintiff, handcuffed and unable to move her arms, could not cover herself to spare her from humiliation and the eyes of oncoming traffic.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.


12.    To Plaintiff's further shock and embarrassment, said Defendant Officer then proceeded to reach under Plaintiff's dress and search between her legs.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.


13.    During this violative public search, Defendant Officer Ramirez reached in between Plaintiff's legs and felt Plaintiff's tampon. At this time, Plaintiff explained to Defendant Officer Ramirez that she was on her menstrual cycle.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

14.    After Plaintiff was subjected to the aforementioned humiliating and inappropriate street searches, Plaintiff was released with neither a ticket nor a warning.

**ANSWER:**    Defendant Officer admit Plaintiff did not receive a ticket but deny the remaining allegations contained in this paragraph.

15.    At no time on the above-referenced date did Plaintiff commit any act and/or crime that would warrant her detention and/or the violative public searches of Plaintiff's person.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

16.    On the above-referenced date, the Defendant Officers did not have probable cause and/or a reasonable suspicion to believe that Plaintiff had on her person a weapon, drugs and/or any type of device or contrivance which was contrary to the laws of the State of Illinois.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

17.    On the above-referenced date, the Defendant Officers did not have probable cause and/or a reasonable suspicion to detain and/or search Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

18.    On the above-referenced date, Plaintiff did not engage in any activity that caused the Defendant Officers to believe that she was going to cause them injury.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

## COUNT I
### (42 U.S.C. §1983 Claim for Unreasonable Searches and Seizures)

19.    The Plaintiff hereby re-alleges and incorporates paragraphs one through eighteen as though fully set forth in this Count.

**ANSWER:**    Defendant Officer restate their answers to paragraphs one through eighteen as though fully set forth in this Count.

20.    This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

**ANSWER:**    Defendant Officers admit the allegations contained in this paragraph.

21.    As described in greater detail above, the Plaintiff was detained and searched by the Defendant Officers, even though said officers were devoid of any justifiable basis and lacked probable cause for said searches and seizures in violation of the Fourth Amendment of the United States Constitution.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

22.    The aforementioned actions of the Defendant Officers proximately caused the Plaintiff to be deprived of her Fourth Amendment right to be free from unreasonable search and seizure lacking probable cause and caused her to be unlawfully searched and seized against his will. This caused the Plaintiff to be damaged.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE Defendant Officers request judgment in their favor and against Plaintiff,

dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT II
### (42 U.S.C. §1983 Claim for Failure to Intervene)

23.    The Plaintiff hereby re-alleges and incorporates paragraphs one through eighteen as though fully set forth in this Count.

**ANSWER:**    Defendant Officer restate their answers to paragraphs one through eighteen as

though fully set forth in this Count.

24.    This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

**ANSWER:**    Defendant Officers admit the allegations contained in this paragraph.

25.    During Defendant Officer Ramirez's unreasonable and humiliating search of Plaintiff's person, as described more fully above, Defendant Officer Alvarez stood idly by without intervening to prevent such a constitutionally violative search.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

26.    As a result of Defendant Officer Alvarez's failure to intervene to prevent the unjustified and unreasonable search, Plaintiff suffered damages, including emotional distress.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

27.    This Defendant Officer had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE Defendant Officers request judgment in their favor and against Plaintiff,

dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

### COUNT III
### (42 U.S.C. §1983 Claim for False Imprisonment)

28.    Plaintiff re-alleges, reasserts and incorporates paragraphs one through eighteen of this Complaint as if fully set forth herein.

**ANSWER:**    Defendant Officer restate their answers to paragraphs one through eighteen as

though fully set forth in this Count.

29.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**ANSWER:**    Defendant Officers admit the allegations contained in this paragraph.

30.     Defendant Officers caused the Plaintiff to be detained and imprisoned on or about September 2, 2007, even though they were devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution. Defendant Officers' false imprisonment of Plaintiff constituted an unlawful seizure.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

31.     The aforementioned actions of the Defendant Officers proximately caused the Plaintiff to be deprived of her Fourth Amendment right to be free from imprisonment lacking probable cause and caused her to be unlawfully detained and imprisoned against her will. Plaintiff was aware of this unlawful detention. This caused Plaintiff to be damaged.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE Defendant Officers request judgment in their favor and against Plaintiff,

dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT IV
### (State Law Claim - False Imprisonment)

32.     The Plaintiff hereby re-alleges and incorporates paragraphs one through eighteen as though fully set forth in this Count.

**ANSWER:**     Defendant Officer restate their answers to paragraphs one through eighteen as

though fully set forth in this Count.

33.     The Defendant Officers caused the Plaintiff to be detained and imprisoned, even though said officers were devoid of any justifiable basis and lacked probable cause for said detentions.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

34.     The aforementioned actions of the Defendant Officers restrained the liberty of the Plaintiff, thereby causing her to suffer damages. The Plaintiff was aware of this unlawful detention.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.


WHEREFORE Defendant Officers request judgment in their favor and against Plaintiff,

dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.


## COUNT V
### (State Claim of Willful and Wanton Conduct Against Unknown Defendant Officers)

35.     Plaintiff re-alleges, restates and incorporates paragraphs one through eighteen of
this Complaint as if fully set forth herein.

**ANSWER:**     Defendant Officer restate their answers to paragraphs one through eighteen as

though fully set forth in this Count.


36.     At all times material and relevant, the Defendant Officers owed Plaintiff a duty to
refrain from engaging in willful and wanton conduct during their interactions, including but not
limited to, the Plaintiff's detention and bodily search.

**ANSWER:**     Defendant Officers are without information or knowledge sufficient to form a

belief as to the truth of the allegations contained in this paragraph because they amount to legal

conclusions.


37.     Notwithstanding said duties, the Defendant Officers engaged in the following
willful and wanton conduct:
   a.     Detained Plaintiff in an unreasonable and unlawful manner;
   b.     Searched Plaintiff's person absent any probable cause and/or reasonable
          suspicion;
   c.     Searched Plaintiff's person in an unreasonable and humiliating manner;
   d.     Failed to intervene to prevent the Plaintiff from being subjected to such a
          constitutionally violative search; and
   e.     Otherwise acted willfully and wantonly during their interactions with
          Plaintiff.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

38.    As a proximate result of the above-referenced conduct, Plaintiff sustained damages.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE Defendant Officers request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT VI
**(Intentional Infliction of Emotional Distress - State Claim Against the Defendant Officers)**

39.    Plaintiff re-alleges, restates and incorporates paragraphs one through eighteen of this Complaint as if fully set forth herein.

**ANSWER:**    Defendant Officer restate their answers to paragraphs one through eighteen as though fully set forth in this Count.

40.    The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

41.    The Defendant Officers intended to cause, or were in reckless disregard of the probability that the conduct would cause, severe emotional distress to the Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

42.    Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff and thereby constituted intentional infliction of emotional distress.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

43.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

44.     As a proximate result of the Defendant Officers' actions, the Plaintiff has suffered constitutional infringements, as well as severe emotional distress and mental anguish.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE Defendant Officers request judgment in their favor and against Plaintiff,

dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT VII
**(State Law Claim - Respondeat Superior Claim Against the City of Chicago)**

45.     The Plaintiff hereby re-alleges and incorporates paragraphs one through eighteen and thirty-two through forty-four as though fully set forth in this Count.

**ANSWER:**    Defendant Officer restate their answers to paragraphs one through eighteen as

though fully set forth in this Count.

46.     The Defendant Officers were at all times relevant to this Complaint employees of the City of Chicago, and discharged in the conduct complained of within the course and scope of their employment.

**ANSWER:**    Defendant Officers admit the allegations contained in this paragraph.

47.     The City of Chicago is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

**ANSWER:**    Defendant Officers admit the allegations contained in this paragraph.

48.     The above-referenced acts of the Defendant Officers were within the scope of their employment as officers with the City of Chicago, and therefore the City of Chicago, as the

principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of respondeat superior.

**ANSWER:**    Defendant Officers deny engaging in the above-referenced acts.  Defendant

Officers admit that at all times material to the Complaint they were within the scope of their

employment as officers with the City of Chicago, and therefore the City of Chicago, as the

principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of

respondeat superior.

WHEREFORE Defendant Officers request judgment in their favor and against Plaintiff,

dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT VIII
### (745 ILCS 10/9-102 Claim against the City of Chicago)

49.    The Plaintiff hereby re-alleges and incorporates paragraphs one through forty-four as though fully set forth in this Count.

**ANSWER:**    Defendant Officer restate their answers to paragraphs one through eighteen as

though fully set forth in this Count.

50.    The City of Chicago was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

**ANSWER:**    Defendant Officers make no answer to these allegations as they are directed to

Defendant City of Chicago.

51.    The City of Chicago was at all times relevant to this Complaint the employer and/or principal of the Defendant Officers.

**ANSWER:**    Defendant Officers make no answer to these allegations as they are directed to

Defendant City of Chicago.

52.     The Defendants committed the above-referenced acts under color of law and within the scope of their employment as employees of the City of Chicago.

**ANSWER:**    Defendant Officers make no answer to these allegations as they are directed to Defendant City of Chicago.

WHEREFORE Defendant Officers request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     At all times material to the events alleged in Plaintiff's Amended Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted them could have believed their actions to be lawful, in light of clearly established law and the information that they possessed.  Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's Federal law claims.

2.     Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts.  See 745 ILCS 10/2-201 (1998).

3.     Defendant Officers are not liable for injuries claimed in the state law count because, as public employees, they are not liable for acts or omissions in execution or enforcement of the law, unless their conduct constitutes wilful and wanton conduct.  See 745 ILCS 10/2-202 (1998).  Defendant Officers were engaged in the execution and enforcement of the law and did not engage in any wilful and wanton conduct.

4.      Defendant Officers are not liable for injuries claimed under the state law count because they are not liable for injuries caused by the acts or omission of other persons.  See 745 ILCS 10/2-204 (1998).

5.      Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or wilful and wanton conduct which proximately caused the claimed injuries and damages.

**JURY DEMAND**

Respectfully submitted,


/s/ Mary McCahill
MARY McCAHILL
Assistant Corporation Counsel


30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566 (Fax)
Atty. No. 06277989

July 31, 2008